75356. GRANT v. THE STATE.
(364 SE2d 628)

CARLEY, Judge.
Appellant was tried before a jury on an indictment which charged him with burglary and rape. The jury returned verdicts of guilty as to both counts. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the guilty verdicts.

1. Urging the improper interjection of his character into issue, appellant objected to a portion of the State's closing argument and moved for a mistrial. Outside of the presence of the jury, the trial court heard the arguments of counsel and concluded that it was "very doubtful" that the jury would give the argument of the State the prejudicial interpretation that the counsel for appellant suggested. The trial court denied the motion for mistrial but, upon the return of the jury to the courtroom, it did give curative instructions. Thereafter, appellant renewed his motion for mistrial and, on appeal, he enumerates as error the trial court's failure to grant that motion.

"The decision of whether to grant a mistrial because of improper

conduct by counsel rests with the trial judge. [OCGA § 17-8-75]. His decision will not be overturned on appeal absent a manifest abuse of discretion. [Cit.]" *Jones v. State*, 250 Ga. 166, 168 (3) (296 SE2d 598) (1982). See also *Johnson v. State*, 142 Ga. App. 526 (1) (236 SE2d 493) (1977). " '(T)his court has repeatedly held that if the trial judge acts immediately, and in the exercise of his discretion takes such action as in his judgment prevents harm to the accused as a result of such improper statements, a new trial will not be granted unless it is clear that such action failed to eliminate from the consideration of the jury such improper statements. [Cits.]' [Cit.]" *Walker v. State*, 132 Ga. App. 274, 275 (3) (208 SE2d 5) (1974). The comment of the attorney for the State in his closing argument in the present case "was not so prejudicial that a mistrial was required . . . [and] the trial court did not abuse its discretion in not ordering a mistrial." *Ward v. State*, 252 Ga. 85, 89 (2) (311 SE2d 449) (1984). See also *Brown v. State*, 57 Ga. App. 864 (197 SE 82) (1938).

2. The trial court conducted a hearing, outside the presence of the jury, as to the pretrial process which had resulted in the victim's identification of appellant. The trial court's failure to allow appellant to make an offer of proof during the course of the hearing is enumerated as error. The record shows that the trial court, indicating the need to hear other evidence as to a preliminary matter, did not permit appellant to make an offer of proof at the precise moment that he requested the opportunity to do so. However, during the subsequent course of the hearing, appellant called witnesses, cross-examined the State's witnesses and presented legal arguments. At the conclusion of the hearing and before rendering its ruling on the admissibility of the identification evidence, the trial court asked whether there was "anything else from either side?" Appellant responded: "No, sir." Under these circumstances, appellant has shown neither error nor harm. All that has been shown is that the trial court correctly refused to allow appellant to control the sequence of inquiry at an evidentiary hearing outside the presence of the jury. This enumeration is without merit.

3. The trial court's admission of evidence relevant to the victim's pre-trial identification of appellant is enumerated as error. As indicated in Division 2, the trial court conducted a hearing before admitting the challenged evidence. After the hearing the trial court concluded that "the identification procedure used was not defective in any of the grounds alleged in the defense motion or for any other grounds." Our review of the record clearly shows that the trial court correctly held that the victim's pre-trial identification of appellant was not unreliable under the totality of the circumstances. See generally *Wright v. State*, 255 Ga. 109, 111 (3) (335 SE2d 857) (1985); *Hamilton v. State*, 255 Ga. 468, 469 (1) (339 SE2d 707) (1986).

4. Appellant enumerates the general grounds. After a careful re-

view of the record as a whole, we find that a rational trior of fact could reasonably have found, from the evidence produced at trial, proof of appellant's guilt of burglary and rape beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. Following the charge to the jury, the trial court asked if either side had any objection. Counsel for the appellant responded, "None from the defense." "Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge. [Cit.]" *Rivers v. State*, 250 Ga. 288, 309 (7) (298 SE2d 10) (1982). Accordingly, appellant's enumeration which asserts error in the trial court's charge will not be considered.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

Decided January 6, 1988.

*C. Michael Walker*, for appellant.
*John M. Ott, District Attorney*, for appellee.