## A93A2001. ELAM v. THE STATE.
(440 SE2d 511)

COOPER, Judge.

Appellant was convicted of possession with intent to distribute cocaine and appeals from the entry of the judgment of conviction and sentence and the denial of his motion for new trial.

1. In his first enumeration of error, appellant contends the trial court erred in admitting the cocaine into evidence without first requiring the State to show chain of custody.

An officer who observed appellant sitting on the front steps of a residence cutting up a rock of suspected crack cocaine testified that at the time of appellant's arrest on April 23, 1992, he placed the cocaine in a plastic bag, initialed the bag and stapled it shut. The bag was then stored in a locked vault in the Toombs County Drug Task Force Office until April 28, when the officer took the bag to the forensic crime lab in Augusta. At the crime lab, the bag was labelled "A92-01611." The record shows that on May 12, the bag was sent, via United Parcel Service, from the crime lab in Augusta to the crime lab in Atlanta where it was received on May 13 by a lab technician who turned the bag over to the forensic chemist for testing. The forensic chemist testified that she inspected the stapled bag numbered A92-01611 and detected no signs of tampering. She made a small slit in the bottom left corner to obtain a sample of the substance for testing and then sealed the opening with red evidence tape. After the test, the bag was kept in the chemist's locker until she brought it to court on the day of the trial. At trial, the arresting officer inspected and identified the bag. He testified that the bag did not appear to have been tampered with and that his initials were intact. Appellant presented no evidence of tampering but argues that the State failed to establish a chain of custody because there was no evidence of who mailed the bag to the crime lab in Atlanta or whether the bag was adequately secured between April 28 and May 13.

" 'Where the State seeks to introduce evidence of a fungible nature, it need only show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The fact that one of the persons in control of a fungible substance does not testify at trial does not, without more, make the

substance or testimony relating to it inadmissible. The trial court was authorized to conclude that the state had met its burden with respect to the establishment of the chain of custody in the present case. [Cit.]' " *Mathis v. State*, 204 Ga. App. 244 (1) (418 SE2d 800) (1992).

2. Appellant also contends the trial court erred in allowing the arresting officer to testify without requiring him to take the exact oath required to be administered to all witnesses in criminal cases under OCGA § 17-8-52. The record reflects that defense counsel objected to the three versions of the oath given to the witness by the prosecutor. The following constitutes the third oath given: "Do you swear the evidence you shall give in the case of *The State of Georgia versus Jose Chico Elam*, charged in Count 1 with possession of cocaine with intent to distribute and in Count 2 with possession of cocaine, shall be the truth, the whole truth, and nothing but the truth, so help you God?"

Since the oath indicated appellant's name, the crimes charged and the fact that the testimony was being given in a trial and not a grand jury proceeding (see *State v. Williams*, 181 Ga. App. 204, 205 (351 SE2d 727) (1986)) and the oath was not "materially different in both form and substance [from] the prescribed statutory oath" (*Kirkland v. State*, 140 Ga. App. 197, 198 (1) (230 SE2d 347) (1976)), we find no error.

3. Appellant next contends the court erred in allowing the State to make three references during closing argument to appellant's failure to take the stand and testify. The first comment was as follows: "I think the evidence is undisputed. I don't think there's any evidence except what the investigator told you, and that is that he saw Mr. Elam, right over here, sitting on the porch of a house with that cocaine in State's Exhibit Number 1 between his legs with a razor blade cutting it up." The second comment was as follows: "[T]he only evidence you heard is from Investigator Smalley, and he told you — he identified this man right over there, Mr. Elam, as the person that had this cocaine between his legs with a razor blade cutting it up." The third comment was as follows: "The evidence is undisputed. Jose Chico Elam, sitting right over there, right over here on Clary Street in Thomson possessed that cocaine you're looking at in that bag."

"The defense did not object or move for a mistrial when these comments were made so that the trial court could have taken any corrective action it found necessary. 'The time to object to improper closing argument is when the impropriety occurs at trial, when the trial judge may take remedial action to cure any possible error. When no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the

trial.' [Cit.] The present comments warrant no relief under this standard. Though a prosecutor may not comment on the failure of a defendant to testify, he may properly argue that the State's evidence of guilt has not been rebutted or contradicted. [Cit.] The argument made in this case does not show a manifest intention on the part of the prosecutor to comment upon [appellant's] failure to testify, nor were the remarks of such a character that a jury would naturally and necessarily construe them as a comment on [appellant's] failure to testify. [Cits.]" (Indention omitted.) *Wright v. State*, 209 Ga. App. 128, 129-130 (3) (433 SE2d 99) (1993). This enumeration is without merit.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED JANUARY 26, 1994.

*Dunaway & Wallace, Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney*, for appellee.