A98A1078. PERRY v. THE STATE.
(500 SE2d 923)

ELDRIDGE, Judge.

The appellant, Lorenzo Perry, was convicted of armed robbery (four counts), criminal attempt to commit murder, aggravated assault on a peace officer, kidnapping, kidnapping with bodily injury, possession of a firearm during the commission of a crime, and theft by receiving stolen property.

The evidence in the light most favorable to the verdict shows the following: On June 1, 1993, three men, wearing ski masks, gloves, dark clothing with long sleeves, and long pants, robbed the Commercial Bank at the intersection of Maxham Road and Thornton Road in

Douglas County. All three men were carrying guns. One of the men stood guard at the door and counted seconds, while the other two men demanded, at gunpoint, that the employees of the bank give them money from the teller windows and the vault. One of the men forced bank manager Sharon Lovvorn from her office at gunpoint, threatened her life, and threw her down on the floor in the lobby area of the bank, injuring her knee. The three men also threatened the lives of others during the robbery.

The three men fled from the bank in a stolen, red 1986 Nissan pickup truck. Deputy Sheriff Mitch Vaughn of the Douglas County Sheriff's Department responded to the silent alarm. When he arrived at the bank, he observed a red Nissan pickup truck exiting the bank parking lot with a large cloud of red smoke, which appeared to be from a dye bomb, coming from the bed of the truck. Deputy Vaughn pursued the truck as the occupants fired shots at him.

Eventually, the men stopped the truck and fled into a wooded area, firing shots at Deputy Vaughn. Other police officers converged on the scene and set up a perimeter around the wooded area. Tracking dogs were brought in. All three men were captured.

The stolen vehicle in which the appellant and his companions used to flee the bank contained a bullet hole. A bullet that was recovered from the tailgate was consistent with the defendants shooting in the direction of Deputy Vaughn and striking the tailgate of their own vehicle. Paul Dragan of the Bureau of Alcohol, Tobacco, & Firearms examined the recovered bullet and the revolver the police found hidden in the woods and concluded that the bullet was fired from the revolver.

The appellant, without challenging the sufficiency of the evidence, raises two enumerations of error.

1. In his first enumeration of error, the appellant asserts that the trial court erred in refusing to charge the jury on the lesser included offense of robbery. However, "where the [S]tate's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. [Cit.]" (Emphasis in original.) *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994); see also *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975). Under the facts of this case, the evidence established that if the appellant was guilty of any offense, he was guilty of armed robbery. Therefore, the trial court did not err in failing to charge the jury on robbery.

2. The appellant also alleges that the trial court erred by failing to declare a mistrial or give a curative instruction for improper statements made by the prosecutor during closing argument.

"The decision of whether to grant a mistrial [or give curative instructions] because of improper conduct by counsel rests with the

trial judge. OCGA § 17-8-75. His decision will not be overturned on appeal absent a manifest abuse of discretion." (Citations and punctuation omitted.) *Grant v. State*, 185 Ga. App. 497 (364 SE2d 628) (1988). There was no such abuse of discretion in this case.

(a) The appellant alleges that the prosecutor made certain statements which were solely for the effect of appealing to the sympathy or prejudices of the jurors. The prosecutor argued: "This isn't a perfect case. There is no such thing. But this is very important and there are — look at those people (indicating) out there. Mo [sic] Harper risked his life. Sharon Lovvorn got slung to the ground." The prosecutor later argued that: "It's a tough position to be in to have some man telling you I'm going to kill you when I get out. Think about it. Think about what Terry Thomas told Mo [sic] Harper. I'm going to kill you, MF, when I get out. Folks, you've got the key. Let them out if that's what you think you should do."[1]

"A [prosecutor] may argue to the jury the necessity for the enforcement of the law and may impress upon the jury with considerable latitude in imagery and illustration its responsibility in this regard. [Cit.]" *Waites v. State*, 178 Ga. App. 333, 335 (343 SE2d 115) (1986). The appellant's argument is without merit.

(b) The appellant also argues that in closing argument, the prosecutor commented on the appellant's failure to present a defense to prove his innocence. The transcript does not support this contention. The prosecutor argued that: "Now, in this case, ladies and gentlemen, the only evidence that's before you, the only facts that are before you are facts that show guilt. There are no facts presented to you that show innocence. The Judge will give you a charge in which he will tell you that the law says that you can't hold it against a Defendant or use it against a Defendant because he did not testify. That's the law, and we've all got to follow the law. But, you know and I know that the State has presented over a hundred exhibits of guilt and the State has presented over thirty witnesses of guilt. Where is the evidence of innocence? There is none. There is no evidence of innocence in this case. There are no facts, there is no testimony, there are no people that have come in and said, no, they didn't do it, they were with me. There is no tangible thing that you can hold in your hand that says they didn't do it."

---

[1] The appellant also contends that the prosecutor argued in the State's closing argument that "they're going to get what is due them" and "defendants are not fit to be in the same courtroom." However, such argument does not appear in the portion of the transcript cited to by the appellant. "Error must be shown affirmatively by the record, and not by mere recitations in a brief." *Standridge v. State*, 196 Ga. App. 697, 698 (396 SE2d 804) (1990). "Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." Court of Appeals Rule 27 (c) (3) (i).

"Of course, direct reference to a defendant's failure to testify is prohibited. But [S]tate's counsel still has the right to argue that evidence showing guilt has not been rebutted or contradicted." (Citations omitted.) *Bryant v. State*, 146 Ga. App. 43, 44 (1) (245 SE2d 333) (1978). "The argument made in this case does not show a manifest intention on the part of the prosecutor to comment upon appellant's failure to testify, nor were the remarks of such a character that a jury would naturally and necessarily construe them as a comment on appellant's failure to testify." (Citations and punctuation omitted.) *Elam v. State*, 211 Ga. App. 739, 741 (440 SE2d 511) (1994); see *Ranger v. State*, 249 Ga. 315 (290 SE2d 63) (1982); *Rhodes v. State*, 221 Ga. App. 792 (470 SE2d 790) (1996). This argument is without merit.

(c) The appellant further argues that the prosecutor, in his closing argument, placed the appellant's character in evidence and implied that the appellant had committed additional crimes. Specifically, after reiterating the evidence, the prosecutor stated: "You know these robbers knew what they were doing. They were not amateurs. Look at all the facts. Look at the fact that they counted time; that they knew they could only stay in the bank so long. . . . Use of a stolen car to conceal identity, use of masks to conceal identity from bank videos and from tellers so they can't identify you later, use of outer clothing, use of gloves, counting time, knowing how to tell a package of money from a dye bomb, is that something everybody knows? . . . And the one that was taking the money from the tellers, Terry Thomas, messed up; the lady put the dye packs in his thing and, you know, armed robbers are human; they make mistakes. But, these armed robbers asked about dye packs."

"[T]his Court has long held that the permissible range of argument during final summation is very wide." (Citations and punctuation omitted.) *Simmons v. State*, 266 Ga. 223, 228 (6) (b) (466 SE2d 205) (1996). "What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render the trial unfair." (Citations and punctuation omitted.) *Jordan v. State*, 172 Ga. App. 496, 498 (323 SE2d 657) (1984). "However, it is permissible for counsel to draw deductions from the evidence regardless of how illogical or unreasonable." (Citations and punctuation omitted.) *George v. State*, 260 Ga. 809, 810 (4) (400 SE2d 911) (1991). In this case, we find the argument of the prosecutor was logically inferred from the evidence and within permissible bounds.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MAY 6, 1998.

*Wanda S. Jackson*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.