### A99A0815. HARRIS v. THE STATE.
(521 SE2d 864)

MILLER, Judge.

Based on evidence that she was the lessee of the premises where stolen tools and equipment were found, Beverly Harris was convicted of two counts of theft by receiving stolen property. She challenges the conviction on the ground of insufficient evidence. We reverse.

Construed in favor of the verdict, the evidence showed that Harris' husband with whom she lived participated in burglarizing Gunters Automotive. Another burglary at Gunters and at Dalton Industrial Systems also occurred shortly thereafter. The burglars took many of the stolen items to Harris' leased residence, where two months later police discovered the stolen equipment (including a floor jack, a tool and die set, and a welder) and the stolen tools (including wrenches, a socket set, and a sledge hammer). All of these items were found in a storage room at the back of the house, with the exception of a full tool box found in the living room of the house. The only witness to testify to Harris' knowledge of the items was her husband, who testified she knew nothing about them.

"Every person is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt." OCGA § 16-1-5. OCGA § 16-8-7

(a) sets forth the elements of the crime of theft by receiving stolen property:

> A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. "Receiving" means acquiring possession or control or lending on the security of the property.

Scienter, i.e., the knowledge that the property was stolen, is an essential element of the crime. *Dunbar v. State*, 228 Ga. App. 104, 107 (1) (b) (491 SE2d 166) (1997). Here the only evidence presented by the State was that police found the stolen goods at the house Harris leased and occupied. Assuming such showed Harris possessed the goods, "evidence of unexplained possession of recently-stolen goods, standing alone, will not support a conviction for theft by receiving stolen goods, in that it is insufficient in itself to infer guilty knowledge." *Weldon v. Barnes*, 251 Ga. 689, 691 (3) (309 SE2d 137) (1983).

The State argues that because the tools were unusual and expensive and were plainly visible in the living room and storage room, and because Harris' husband was a burglar, the circumstantial evidence sufficed to provide the guilty knowledge. To support a conviction based on circumstantial evidence alone, the proved facts must exclude every reasonable hypothesis save that of defendant's guilt. OCGA § 24-4-6; *Patterson v. State*, 159 Ga. App. 290, 294 (283 SE2d 294) (1981).

Here the State presented no evidence that Harris knew her husband was a burglar. The wrenches, socket sets, tool and die set, welder, sledge hammer, and car jack were not so inherently unusual or expensive (State witnesses estimated the combined value at $1,600) as to excite the suspicions of an ordinarily prudent person about their origin. Compare *Dunbar*, 228 Ga. App. at 107 (1) (b). To the contrary, Harris' husband had worked in various types of construction and finishing work, which could explain an innocent knowledge by her about his possessing various tools and equipment. Her husband's grandfather had owned a welding shop, and personal car maintenance was also presented as an alternative hypothesis. The State presented no evidence that would allow a jury to conclude that these other hypotheses as to Harris' knowledge regarding the stolen items were not viable alternatives.

Because the verdict of guilty was unsupportable as a matter of law (see *Patterson*, 159 Ga. App. at 294), we must reverse the conviction.

*Judgment reversed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED AUGUST 30, 1999.

*Coppedge, Leman & Ward, David L. McGuffey*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.