## A99A1373. SLAUGHTER v. THE STATE.
(525 SE2d 130)

ANDREWS, Presiding Judge.

Fredrick Bernard Slaughter appeals from the judgment of conviction entered on jury verdicts finding him guilty of armed robbery (four counts), criminal attempt to commit murder, aggravated assault on a police officer, kidnapping with bodily injury, kidnapping, possession of a firearm during the commission of a crime, theft by receiving stolen property, giving a false name to a police officer, and possession of a firearm by a convicted felon. Slaughter was sentenced as a recidivist to five consecutive life sentences plus seventy-one years without parole.

All the charges arose from evidence showing that Slaughter and two other men, Terry Lewis Thomas and Lorenzo Perry, robbed the Commercial Bank in Douglas County. All three men were jointly tried and convicted. The convictions of Slaughter's co-defendants were affirmed on appeal in *Thomas v. State*, 226 Ga. App. 441 (487 SE2d 75) (1997) and *Perry v. State*, 232 Ga. App. 484 (500 SE2d 923) (1998).

The evidence showed that Slaughter, Thomas, and Perry entered the bank each carrying a firearm and forced four different bank employees to give them money at gunpoint. During the robbery, two bank employees, one of whom was injured in the process, were held against their will and moved from one part of the bank to another. After the robbery, the three men fled from the bank in a stolen truck. A police officer who responded to a silent alarm set off during the robbery saw the truck leave the bank with red smoke from a dye bomb billowing from the back of the truck. The officer called for assistance and pursued the truck as the occupants fired shots at him. After a chase, the truck stopped, and all three men ran into a wooded area, again firing shots at the police officer. Police officers responding to the call for assistance surrounded the area and within minutes

App. 340, 342 (4) (433 SE2d 426) (1993).

captured all three men. Slaughter was arrested after he was found hiding on the ground behind a residence holding a bag containing approximately $40,000 stolen from the bank in the robbery. He told an officer at the scene of the arrest and another officer during later questioning at the police station that his name was Larry Word. In bifurcated proceedings, the State presented additional evidence in support of the charge of possession of a firearm by a convicted felon showing that Slaughter had multiple prior felony convictions.

1. Slaughter claims the trial court should have granted his motion to sever his trial from that of co-defendant Thomas because evidence was admitted showing that, while Thomas was being held in jail pending trial, he threatened the life of one of the arresting officers.

> When the death penalty is not sought, the severance of defendants' trials is within the sound discretion of the trial court and its decision will not be disturbed unless there is an abuse of that discretion. OCGA § 17-8-4. The burden is on the defendant moving for severance to demonstrate more than the possibility that a separate trial would provide him with a better chance of acquittal; he must establish a clear showing of prejudice. *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).

*Dixon v. State*, 268 Ga. 81, 83 (485 SE2d 480) (1997).

Slaughter contends that the refusal to sever prejudiced him because it caused the jury to associate him with a co-defendant who threatened the life of a witness. This contention asserts no more than the possibility of prejudice. Moreover, the trial court instructed the jury to consider the evidence and the law independently as to each defendant. Under the circumstances, we find no showing of actual prejudice, no denial of due process, and no abuse of discretion by the trial judge in denying the motion to sever.

2. Slaughter asserts that the trial court erroneously allowed a firearms expert called by the State to give expert testimony, over objection, on a topic outside the witness' expertise.

The prosecutor asked the expert if gunpowder residue that gets on a person's hand after firing a gun could remain there for years. Slaughter objected that the question was beyond the witness' area of expertise, but the objection was overruled. The expert did not thereafter answer the question, and the prosecutor did not re-ask it. The expert later gave testimony without objection as to his knowledge that gunpowder residue can be washed off a person's hand. There was no error.

3. There is no merit to Slaughter's contention that he was ille-

gally subjected to interrogation while he was in police custody and that evidence of this interrogation was erroneously admitted.

Slaughter complains that evidence was admitted showing that, in response to police questioning after he had asserted his right to remain silent, he stated his name (a false name), age, address, and Social Security number. These questions sought only biographical information of the type attendant to routine booking procedures and were not designed to elicit incriminating responses. *Franks v. State*, 268 Ga. 238-240 (486 SE2d 594) (1997). Moreover, since the questions asked were not interrogation under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), there is no merit to Slaughter's claim that the questions violated his *Miranda* rights because he had previously invoked his right to remain silent. The trial court did not err in admitting evidence of his answers to the questions, including his giving of a false name. *Franks*, 268 Ga. at 238-240.

4. Slaughter contends the trial court erred by failing to rule at a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) that the answers he gave to the biographical questions asked by the police were given voluntarily.

The trial court held two *Jackson-Denno*-type hearings outside the presence of the jury and determined that these answers, which gave only biographical-type information, were not subject to the requirements of *Miranda v. Arizona*, supra. Slaughter did not contend at trial nor was there any evidence that these answers were involuntary. This enumeration is meritless.

5. There was no error in the admission of a videotape showing that Slaughter gave a false name to a police officer in response to a question eliciting biographical information. There is no basis for Slaughter's contention that the videotape constituted an impermissible comment on his constitutional right to remain silent because it may have suggested to the jury that he had invoked this right.

6. Contrary to Slaughter's contention, the evidence was sufficient to sustain his conviction on the charge of theft by receiving stolen property. There was evidence sufficient to prove that he unlawfully retained the stolen truck used in the robbery which he knew or should have known was stolen.

Although possession of recently stolen property is not alone sufficient to sustain a conviction for receiving stolen property, guilt may be inferred from possession along with other evidence — including circumstantial evidence — of guilty knowledge which would excite suspicion in the mind of an ordinarily prudent person. *Hurston v. State*, 202 Ga. App. 311, 312 (414 SE2d 303) (1991).

[W]here the jury is authorized to find that the evidence,

> though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law.

(Citations and punctuation omitted.) Id. at 313 (1).

The owner of the truck testified that it was stolen about three days before the robbery and that, when the truck was recovered after the robbery, about $1,000 worth of tools had been stolen from the truck, and "my jack and everything else was gone inside." The State presented evidence that Slaughter and his co-defendants used the truck in the armed robbery, fled from police in the truck, then abandoned it and fled on foot. Slaughter also gave a false name to police when he was caught. This evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that Slaughter was guilty of theft by receiving the stolen truck. *Johnson v. State*, 236 Ga. App. 356, 357 (511 SE2d 921) (1999); *Hurston*, 202 Ga. App. at 312-313; *Perry v. State*, 180 Ga. App. 273-274 (349 SE2d 25) (1986).

7. We agree, however, with Slaughter's contention that the State failed to introduce evidence sufficient to sustain his conviction for the offense of giving a false name to a police officer — as that charge was alleged in the indictment.

The State alleged in Count 11 of the Douglas County indictment that Slaughter gave a false name to Officer Cosper in Douglas County. The State concedes that this actually occurred at the scene of the arrest in adjoining Cobb County and that there is no evidence of venue in Douglas County sufficient to sustain a conviction on this charge as alleged. See *Graves v. State*, 269 Ga. 772, 773 (504 SE2d 679) (1998).

Nevertheless, the State contends that the conviction on this count of the indictment is supported by evidence that Slaughter also gave a false name to Officer Zachary at a later time in Douglas County. The State cannot rely on this evidence, however, because proof that the false name was given at a different time and place to a different officer from the one alleged in the indictment is a fatal variance between the allegations and the proof. *Harrison v. State*, 192 Ga. App. 690 (385 SE2d 774) (1989).

Slaughter's conviction for giving a false name to a police officer must be reversed; the remaining convictions are affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 10, 1999 — ■

*Scott K. Camp*, for appellant.
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.