## A00A1017. WILDER v. THE STATE.
(534 SE2d 487)

ELDRIDGE, Judge.

A Cobb County jury found Donnell Reginald Wilder guilty of armed robbery and obstruction of an officer for acts he, and allegedly three co-defendants,[1] perpetrated at the EZ Serve convenience store on Delk Road in Marietta. He appeals, claiming five errors of law. Finding no merit to Wilder's claims, we affirm.

1. Wilder first contends that the State impermissibly commented on his right to remain silent. In support of this contention, Wilder directs our attention to that portion of the trial transcript where the lead detective testified about his initial approach of Wilder: "I told him I was a detective and told him my name and told him what I was investigating and I told him that I was going to advise him of his constitutional rights." Immediately following this testimony, Wilder's defense counsel asked to approach the bench, because he knew Wilder had invoked his right to remain silent and wanted to prevent the officer's testimony from entering improper areas. During the bench conference, the issue was resolved to all parties' satisfaction, and the State's questions to the detective moved onto a different subject.

Thereafter, the State questioned the detective about the statement given by one of Wilder's co-defendants, Jamaine Madric. The detective testified: "I advised him of his constitutional rights and he acknowledged them and consented that he would speak with me." The detective testified that the conversation with Madric was taped; the tape was moved into evidence; and the prosecutor asked the detective to read aloud the *Miranda*[2] warnings that he gave to Madric. The detective did so.

Now, before this Court, Wilder claims that the detective's testimony regarding the rights he gave Madric violated Wilder's right to remain silent, thereby depriving him of due process of law under the constitution. However, defense counsel interposed no objection to this testimony, and so, the issue is waived. *Brewer v. State*, 219 Ga. App. 16, 19 (4) (463 SE2d 906) (1995). Further, we find no factual basis for Wilder's claim of error, since the State's inquiry as to what the detective told Madric cannot be considered a comment on Wilder's silence.[3]

2. Each of Wilder's co-defendants gave a statement to the lead

---

[1] The three alleged co-defendants, Marquis Antonio Little a/k/a David Jamaine Madric, Jr., Clyde Morrison, and James Augustine Tallent, are not before us.

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] We also find no error in the State's remarks during closing that the evidence of the offenses "was undisputed." The State may properly argue that the evidence of guilt has not been rebutted or contradicted. *Elam v. State*, 211 Ga. App. 739, 740-741 (3) (440 SE2d 511) (1994). Moreover, there was no objection to the prosecutor's remarks, and we do not find that

investigator; their individual statements were recorded on three separate microcassettes. During trial, the State laid a foundation for the physical admission of the tapes. Defense counsel did not object to the physical admission of the tapes but reserved objection should the State later seek to play them to the jury. The State did not so seek. In his second enumeration of error, Wilder contends that the State violated his constitutional right of confrontation by physically introducing the three tapes. However, the physical admission of the tapes was proper, and defense counsel — rightly — did not object. Consequently, we find this issue to be waived,[4] even as we reject Wilder's attempts to manufacture a confrontation clause issue based on the physical admission of taped statements that were never put before the jury.

3. Absent timely objection, we will not review Wilder's contention that reversal is required because the State allegedly "mischaracterized" the evidence during closing argument. "[A] defendant's failure to object to the State's closing argument waives his right to rely on the alleged impropriety of that argument as a basis for reversal." *Mullins v. State*, 270 Ga. 450, 451 (511 SE2d 165) (1999).

4. Wilder next challenges the sufficiency of the evidence supporting his conviction under Count 2 of the indictment for obstruction of an officer. Wilder contends that the stop of the Subaru Legacy in which he was riding was improper and, thus, the evidence fails to show that the officer was engaged in the "lawful discharge of his duties," as required by OCGA § 16-10-24.

A Fourth Amendment challenge to the stop of the Subaru was not made in the court below. We will not consider one now. There being no constitutional issue raised below and ruled upon, such issue therefore is not preserved on appeal. *Meders v. State*, 260 Ga. 49, 54 (2) (b) (389 SE2d 320) (1990).

Further, the evidence shows that the Subaru was stopped because at 2:30 a.m. virtually alone on the road, it was exceeding the speed limit away from the scene of the EZ Serve robbery which had just been reported as "in progress." The speeding, alone, would have permitted the officer to make a traffic stop. *Tuggle v. State*, 236 Ga. App. 847, 848 (1) (a) (512 SE2d 650) (1999). However, when the officer activated his blue lights, the Subaru did not stop. When the car finally stopped in an apartment complex, Wilder got out and fled. It was that act that gave rise to the obstruction charge. We find the evidence sufficient for the jury to have found Wilder guilty beyond a reasonable doubt of misdemeanor obstruction of an officer. Id. at 848

---

they were "of such a character that a jury would naturally and necessarily construe them as a comment on appellant's failure to testify." (Citation and punctuation omitted.) Id. at 741.

[4] See *Manley v. State*, 187 Ga. App. 773, 777 (6) (371 SE2d 438) (1988).

(1) (e).

5. Finally, Wilder contends that his trial attorney's performance was so deficient that his Sixth Amendment right to effective assistance of counsel was violated. However, Wilder's appellate counsel failed to raise this claim against trial counsel during the motion for new trial that she argued on Wilder's behalf.

> Our Supreme Court has clearly stated that the rule that an ineffectiveness claim must be raised at the earliest practicable moment requires that the claim be raised *before appeal* if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising that issue at a later time.[5]

(Citations and punctuation omitted; emphasis in original.) *Landers v. State*, 236 Ga. App. 368, 370 (3) (511 SE2d 889) (1999). Accordingly, this claim of error is waived. *Render v. State*, 240 Ga. App. 762 (525 SE2d 134) (1999).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 3, 2000.

*Ruth P. Marks*, for appellant.

*Patrick H. Head, District Attorney, Maria B. Golick, Thomas A. Cole, Assistant District Attorneys*, for appellee.

---

[5] See *Glover v. State*, 266 Ga. 183, 184 (2) (465 SE2d 659) (1996).