## A02A0375. THOMAS v. THE STATE.
### (561 SE2d 468)

MIKELL, Judge.

Viewed in the light most favorable to the jury's verdict, the record shows that at approximately 9:00 p.m. on April 12, 2000, Deputy George W. Halliburton of the Crawford County Sheriff's Department, acting undercover, purchased $20 worth of crack cocaine from Trederick Thomas. A jury convicted Thomas of selling cocaine, and the trial court sentenced him to ten years confinement and denied his subsequent motion for new trial. This appeal followed. In the sole error raised on appeal, Thomas argues that the court erred in denying his motion for a mistrial after the prosecutor improperly commented on Thomas' failure to testify. We disagree and affirm.

"The decision of whether to grant a mistrial because of improper conduct by counsel rests with the trial judge. OCGA § 17-8-75. His decision will not be overturned . . . absent a manifest abuse of discretion." (Citations and punctuation omitted.) *Grant v. State*, 185 Ga. App. 497-498 (1) (364 SE2d 628) (1988). There was no such abuse of discretion in this case.

Thomas objects to the following statements made by the prosecutor during his closing argument:

[The defense attorneys] came in here today and really the only thing they had to throw at you in the way of a Defense was their cross-examination of the State's witnesses. . . . Have you heard any witnesses take the witness stand today and place either one of these two Defendants at any other location on April 12th? Any alibi witnesses? Have you heard any evidence from any source that they're not the ones who sold the agent cocaine? No, you haven't. The only evidence you've heard has been the State's evidence. . . . It's all on the side of the State because the only evidence that these Defendants put up were these two tapes. Now, if you want to balance the scales of justice, which side does the weight come down the heaviest on? Which side does reasonable doubt settle on? Well, it settles on the side of the State. . . . They've had their day in court, they've had the opportunity to call in witnesses they want to call, to put up any evidence

they want to put up, defend their case anyway [sic] they want to and there's not anything anybody can do about it. . . . It's simply a matter of do you believe the police officer because you haven't heard anybody else testify. . . . You can't evaluate anybody else's testimony because nobody else testified. He's the only one you get to place that burden on in that way.

In *Lobdell v. State*, 256 Ga. 769, 774-775 (10) (353 SE2d 799) (1987), the Supreme Court applied the following two-prong test:

reversal for improper prosecutorial conduct requires a finding that (1) the prosecutor's manifest intention was to comment upon the accused's failure to testify or (2) the comment was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.

(Punctuation omitted.) Id., citing *Lowe v. State*, 253 Ga. 308, 309-311 (1) (319 SE2d 834) (1984); *Ranger v. State*, 249 Ga. 315, 319 (290 SE2d 63) (1982); *United States v. Rochan*, 563 F2d 1246 (5th Cir. 1977). See also *Salters v. State*, 244 Ga. App. 219, 221-222 (2) (535 SE2d 278) (2000).

Applying this test to the case sub judice, we conclude that the prosecutor's statements did not warrant a mistrial. "The argument[s] made in this case [do] not show a manifest intention on the part of the prosecutor to comment upon appellant's failure to testify, nor were the remarks of such a character that a jury would . . . necessarily construe them as a comment on appellant's failure to testify." (Citations and punctuation omitted.) *Perry v. State*, 232 Ga. App. 484, 487 (2) (b) (500 SE2d 923) (1998). We have expressly recognized that the State has the right to argue that the defense failed to rebut or contradict evidence demonstrating guilt. Id. Accordingly, the trial court did not abuse its discretion in denying Thomas' motion for a mistrial.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED MARCH 6, 2002.

*Andrew S. Foster*, for appellant.
*Howard Z. Simms, District Attorney, Henry O. Jones III, Myra H. Kline, Assistant District Attorneys*, for appellee.