## A03A1878. BROCKINGTON v. THE STATE.
### (592 SE2d 858)

RUFFIN, Presiding Judge.

A jury found Joseph Brockington guilty of one count of selling cocaine and one count of trafficking in cocaine. On appeal, Brockington contends that the trial court erred in permitting the State to try him for two separate offenses and in charging the jury. For reasons that follow, we affirm.

1. The record reveals that in October 1994, Brockington was the target of a Georgia Bureau of Investigation (GBI) undercover narcotics investigation. With the use of a confidential informant, GBI agents purchased cocaine from Brockington on October 11, 1994, and again on October 14, 1994. According to Brockington, in December 1994, a grand jury initially indicted him for only the offense that occurred on October 11 under indictment no. 9400982.[1] In June 1996, however, Brockington was indicted for both trafficking in cocaine on October 11 and for selling cocaine on October 14 under indictment no. 9600391.

Evidently, the prosecutor was confused regarding the two offenses. He believed that the second indictment related solely to the October 14 offense. And on September 23, 1996 — four days before trial — the State moved to admit evidence of the October 11 offense as a similar transaction during Brockington's trial for the October 14 crime. Because the State failed to include a copy of indictment no. 9400982 with its notice of intent to introduce similar transactions, the trial court sustained Brockington's objection to the use of the October 11 incident as a similar transaction.

Immediately before trial, the prosecutor realized his mistake, clarified that the second indictment related to two separate offenses that occurred on different dates, and stated that Brockington was to be tried on both counts. Brockington interposed no objection at this point. On appeal, however, he contends that the trial court erred in permitting the State to try him on both offenses after the prosecutor

---

[1] Although this indictment is not included in the record on appeal, the State did not contest this assertion and in fact adopted the facts as set forth by Brockington.

informed him that he would only be tried for the October 14 offense and after the trial court excluded evidence of the October 11 crime as a similar transaction. By failing to object, however, Brockington waived any alleged error.

As a general rule, a defendant's failure to make a timely objection precludes appellate review of the error alleged.[2] Thus, Brockington's silence when informed that he was to be tried on both counts of the indictment constitutes waiver of the issue. Although Brockington argues that he preserved the issue on appeal by "obtain[ing] pretrial rulings on this very issue," we find this argument unpersuasive. Brockington did not obtain a ruling on *this* issue, which is whether the State was permitted to try him for both offenses. Rather, he obtained a ruling that precluded the State from using the October 11 offense as a similar transaction. Thus, he was not relieved of his responsibility to object in the face of perceived injustice. "A party cannot ignore what he thinks to be error, take his chance on a favorable verdict, and complain on appeal."[3]

2. In a separate enumeration of error, Brockington contends that the trial court erred in instructing the jury on the offense of trafficking. Although Brockington was indicted for "unlawfully possess[ing] a mixture weighing in excess of twenty-eight (28) grams" of cocaine, the trial court instructed the jury that the offense was committed if a person "knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in possession of 28 grams or more of cocaine." Brockington maintains that, given this additional instruction, there is a reasonable probability that he was convicted of committing the offense in a manner other than that alleged in the indictment. We disagree.

"If a jury charge recites the entire statutory definition of a crime and the indictment does not, the deviation may violate due process unless a limiting instruction is given."[4] Here, after reading the Code section for trafficking, the trial court immediately charged the jury that, to establish Brockington's guilt for trafficking, the State "must prove beyond a reasonable doubt . . . that [Brockington] on the date alleged knowingly had in his possession [more than 28 grams of] cocaine." Thus, viewing the charge as a whole, the trial court prop-

[2] See *Pena v. State*, 247 Ga. App. 211, 213 (1) (542 SE2d 630) (2000) (failure to timely object to improper testimony); *Wilder v. State*, 243 Ga. App. 807, 808 (3) (534 SE2d 487) (2000) (failure to timely object to State's closing argument); *Spivey v. State*, 186 Ga. App. 236, 238 (6) (366 SE2d 838) (1988) (failure to timely object to voir dire of jurors).

[3] (Punctuation omitted.) *Rutledge v. State*, 237 Ga. App. 390, 394 (6) (515 SE2d 1) (1999).

[4] (Punctuation omitted.) *Gresham v. State*, 239 Ga. App. 280, 281 (521 SE2d 207) (1999).

erly limited the jury's consideration to the offense as charged.[5] It follows that this claim of error presents no basis for reversal.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED DECEMBER 30, 2003.

Lane & Crowe, Robert L. Crowe, for appellant.

Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney, for appellee.

