A04A1870. CROWDER v. THE STATE.
(609 SE2d 134)

RUFFIN, Presiding Judge.

A jury found Cedric Denorris Crowder guilty of theft by receiving stolen property, possession of cocaine, and possession of marijuana. Crowder appeals, challenging the sufficiency of the evidence. For reasons that follow, we reverse his conviction for theft by receiving stolen property, but affirm the remaining convictions.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer

enjoys a presumption of innocence.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that, on August 23, 2003, Officer Anthony Thuman of the Clayton County Police Department was on patrol with two other officers in an unmarked car. The patrol took the officers by a Scottish Inn located in a "known problem area" from which police often received complaints regarding street-level narcotics and related crimes. As the unmarked car passed the hotel, Thuman saw Crowder, who began running after spotting the officers. Although Thuman identified himself as a police officer and ordered Crowder to stop, Crowder ran to a nearby gas station and entered the bathroom, where he stayed for only a few seconds. The three officers followed Crowder and detained him as he came out of the bathroom. One of the officers then searched the bathroom, discovering two clear, plastic bags containing marijuana packaged in small, purple, ziplock bags and crack cocaine. The two bags were located in a small wastebasket, on top of several damp paper towels.

The officers arrested Crowder, read him his *Miranda* rights, and questioned him. During the questioning, Crowder stated, "this is my job," and pointed toward the cocaine. He also told the police that, when he needed narcotics, he made a telephone call and requested that the drugs be delivered to him. The police searched Crowder and found a hotel room key, as well as $575 in cash, in his pocket. Crowder initially stated that he was staying at the Scottish Inn, then recanted that statement and said the key accessed a room at a different hotel. Management at the Scottish Inn, however, traced the key to Scottish Inn Room 107, which was registered to Brenda Hooper.

The officers searched Room 107 and found a loaded gun hidden in a dresser drawer, a set of digital scales covered with white powder residue that field-tested positive for cocaine, and a package of small, purple, ziplock bags. Thuman testified that small ziplock bags are commonly used to package narcotics. The police later determined that the gun seized from the Scottish Inn room had been stolen from a Cobb County homeowner in January 2001.

During the room search, Hooper, an alleged prostitute, knocked on the hotel room door. She did not have a room key, but an extra key was hidden inside of the room. The police searched Hooper and found several crack pipes, as well as a tin containing crack cocaine residue.

---

[1] See *Wilson v. State*, 256 Ga. App. 741 (1) (569 SE2d 640) (2002).
[2] See id.

Based on the evidence presented, the jury found Crowder guilty of possessing cocaine, possessing marijuana, and theft by receiving the stolen gun. On appeal, he raises two arguments relating to the sufficiency of the evidence. First, he argues that the State presented insufficient evidence linking him to the stolen gun or showing that he knew the gun to be stolen. Second, he claims that the State failed to prove that he was in constructive possession of the drugs found in the gas station bathroom.

1. Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." The Code defines the term "receiving" as "acquiring possession or control or lending on the security of the property."[3]

The State has not proven the elements of theft by receiving here. Pretermitting whether Crowder's possession of a key to Room 107 establishes possession of the gun, there is absolutely no evidence that he knew the gun was stolen, an essential element of the crime.[4] The evidence shows that the gun owner reported the gun stolen over two years prior to Crowder's arrest. And even possession of *recently* stolen property is not, by itself, sufficient to sustain a conviction for receiving stolen property.[5] Moreover, although "guilt may be inferred from possession along with other evidence — including circumstantial evidence — of guilty knowledge which would excite suspicion in the mind of an ordinarily prudent person,"[6] the record lacks evidence of such guilty knowledge. In fact, the State presented little evidence about the gun, establishing only that it was found in Room 107 and had been stolen in January 2001 by an unknown person.

On appeal, the State claims that guilty knowledge can be inferred from Crowder's statement to police that the room key did not belong to the Scottish Inn. According to the State, Crowder made this statement "arguably in an attempt to keep officers from going to the room and finding the gun." The State also contends that "it is unlikely" Crowder came into possession of the stolen gun legitimately.

A conviction on circumstantial evidence is supported only if the proved facts "exclude every reasonable hypothesis save that of [the]

---

[3] OCGA § 16-8-7 (a).

[4] See id.; *Harris v. State*, 239 Ga. App. 723, 724 (521 SE2d 864) (1999).

[5] See *Slaughter v. State*, 240 Ga. App. 758, 760 (6) (525 SE2d 130) (1999).

[6] Id.

defendant's guilt."[7] Although the State argues that Crowder tried to keep police out of Room 107 to avoid discovery of a stolen gun hidden in a drawer, it is equally reasonable to conclude that he was trying to prevent police from finding the digital scales covered in cocaine residue, which were in plain view. Furthermore, the State has not presented any evidence that something about the gun would excite the suspicions of an ordinarily prudent person about its origins. And the State's assertion that Crowder likely did not obtain the gun legally constitutes mere speculation unsupported by any evidence.[8]

The State presented no evidence that would allow a jury to conclude that Crowder knew the gun had been stolen over two years before his arrest. Accordingly, the evidence was insufficient to sustain his conviction for theft by receiving stolen property.[9]

2. Sufficient evidence, however, supported Crowder's convictions for possession of cocaine and marijuana. On appeal, Crowder argues that the State failed to show that he had constructive possession of the drugs found in the gas station bathroom. We disagree.

As Crowder notes, mere presence at the scene does not establish constructive possession of contraband.[10] A finding of such possession " 'must be based upon some connection between the defendant and the contraband other than spatial proximity.' "[11] The defendant's conduct before and after the offense are circumstances from which " 'participation in the criminal intent may be inferred.' "[12]

The evidence shows that Crowder ran when the unmarked police car entered the area and continued to flee when Officer Thuman identified himself, despite Thuman's order to stop. Crowder went directly into a gas station bathroom, where he remained for only a few seconds. Immediately after Crowder exited the bathroom, the police found marijuana and cocaine in the bathroom wastebasket, on top of wet paper towels, arguably indicating that the contraband had been recently abandoned. Crowder admitted to police that he was involved in the drug trade, pointing at the cocaine and stating, " 'this is my job.' " Furthermore, police found a large amount of cash in his pocket and a room key to a Scottish Inn room in which the officers discovered scales covered with cocaine residue and small, purple, ziplock bags

---

[7] *Harris*, supra.

[8] See *Donaldson v. State*, 222 Ga. App. 532, 533 (474 SE2d 722) (1996) (" '[S]peculation and conjecture will not sustain a conviction.' ").

[9] See *Thomas v. State*, 270 Ga. App. 181, 182 (1) (b) (606 SE2d 275) (2004); *Wells v. State*, 268 Ga. App. 62, 62-63 (601 SE2d 433) (2004); *Harris*, supra; *Mills v. State*, 146 Ga. App. 780, 780-781 (247 SE2d 592) (1978); *Williamson v. State*, 134 Ga. App. 329, 332 (214 SE2d 415) (1975).

[10] See *Wilson*, supra at 742.

[11] Id.

[12] Id.

similar to those in which the marijuana seized from the gas station was packaged. Although this room was registered to another individual, that individual did not have a key at the time the police searched the room, and Crowder admitted to police that he was staying at the Scottish Inn.

On appeal, Crowder asserts that the State's circumstantial evidence of possession did not exclude the hypothesis that someone else left the drugs in the gas station bathroom. But unless the verdict is insupportable as a matter of law, the jury is tasked with determining whether the circumstantial evidence excludes every reasonable hypothesis save the defendant's guilt.[13] And, given the evidence presented, the jury was authorized to find a sufficient connection between Crowder and the drugs seized from the gas station bathroom to conclude that he constructively possessed the contraband.[14] It follows that Crowder's challenge to the sufficiency of the evidence supporting his convictions for possession of cocaine and marijuana lacks merit.

*Judgment affirmed in part and reversed in part. Eldridge and Adams, JJ., concur.*

DECIDED DECEMBER 30, 2004.

*Katrina L. Breeding, Patricia F. Angeli,* for appellant.
*Robert E. Keller, District Attorney, Rita B. Lewis, Assistant District Attorney,* for appellee.

---

[13] See id.
[14] See id. at 743; *Whitfield v. State*, 217 Ga. App. 402, 404-405 (3) (457 SE2d 682) (1995).