A07A0364. DORSEY v. THE STATE.

(646 SE2d 713)

PHIPPS, Judge.

A jury found Charlie Dorsey guilty of aggravated assault and possession of a firearm during the commission of a crime. Dorsey appeals, arguing that the trial court improperly admitted into evidence a videotape containing his statements to police. He further claims that the trial court erred in granting the state additional time for closing argument. For reasons that follow, we affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the verdict.[1] So viewed, the evidence shows that on October 16, 2004, Dorsey shot Jacob Hood. Although Dorsey fled the scene in a car, the police apprehended him shortly after the shooting. He was then handcuffed and placed in the back of Officer Donald Eckert's patrol car.

The video camera in the patrol car recorded Dorsey in the backseat. The videotape, which was admitted into evidence and played for the jury, shows that while waiting to be transported to the police station, Dorsey began screaming that his hand hurt and that he could not breathe. After Eckert told Dorsey that an ambulance had been called, Dorsey asked Eckert to take him to jail and stated that people had been shooting at him. He then began vomiting in the car. Paramedics eventually arrived and examined Dorsey, who refused to go to the hospital.

The videotape further shows that as Eckert drove Dorsey to the police station, Dorsey indicated that he wanted to tell the officer what had "happened." Eckert interrupted Dorsey and read him his *Miranda* warnings. At that point, Dorsey stated that he and three others were

---

[1] See *Mack v. State*, 283 Ga. App. 172 (641 SE2d 194) (2007).

riding in his car when Hood flagged them down. Once Dorsey stopped the car, Hood pulled out a gun and fired at them. According to Dorsey, another occupant in his car — identified as "Rick Rick" — returned fire, then exited the vehicle and ran.

1. Dorsey first argues that the trial court erred in admitting the videotape containing his in-custody statements to police. Before admitting such statements, " 'a trial court must find by a preponderance of evidence that the statement[s] [were] made knowingly and voluntarily.' "[2] The trial court's factual and credibility determinations regarding the admissibility of the statements must be accepted on appeal unless they are clearly erroneous.[3]

The record shows that the trial court reviewed an unredacted copy of the videotape and took evidence regarding Dorsey's statements at a pre-trial hearing. The trial court ultimately concluded that Dorsey was in custody at the time, but that his post-*Miranda* statements were knowingly and voluntarily made, and that the pre-*Miranda* statements were not the product of police interrogation. It thus admitted the videotape.

(a) *Post-Miranda Statements.* On appeal, Dorsey claims that any statements made after Eckert read him his *Miranda* warnings were not knowingly and voluntarily made, given his physical condition. We disagree.

Eckert testified that when Dorsey initiated the conversation regarding the shooting, he informed Dorsey of the *Miranda* warnings. According to Eckert, Dorsey appeared to understand the warnings and stated that he knew his rights, then provided his version of the events. Undoubtedly, Dorsey had been complaining of physical problems, and Eckert acknowledged that Dorsey was under the influence of alcohol at the time. Eckert also testified, however, that Dorsey was coherent and communicating effectively, and the videotape shows that Dorsey declined to go to the hospital after the ambulance arrived. Under these circumstances, the trial court — which observed Dorsey on the videotape — did not err in finding that Dorsey voluntarily and knowingly decided to waive his *Miranda* rights and speak with police.[4]

(b) *Pre-Miranda Statements.* The videotape reveals that Dorsey made numerous pre-*Miranda* statements while sitting in the patrol

---

[2] *Adams v. State*, 276 Ga. App. 319, 321 (3) (623 SE2d 525) (2005).

[3] See id.

[4] See *Cunningham v. State*, 255 Ga. 727, 729-730 (2) (342 SE2d 299) (1986); *Adams*, supra at 322; *Hodges v. State*, 249 Ga. App. 268, 271-272 (4) (547 SE2d 386) (2001).

car. He now contends that such statements should have been excluded because he had not yet been advised of his *Miranda* rights. Again, we disagree.

"*Miranda* warnings are required not where a suspect is simply taken into custody, but rather where a suspect in custody is subjected to interrogation."[5] The term "interrogation" involves express inquiries about an incident under investigation, as well as questioning that "the police should know is reasonably likely to elicit an incriminating response from the suspect."[6]

The record shows that Dorsey made several pre-*Miranda* statements in response to officers' requests for biographical data and questions about his physical condition. These police inquiries were not likely to elicit an incriminating response, did not constitute interrogation, and thus did not implicate *Miranda*.[7] The trial court, therefore, did not err in admitting these statements.[8] Dorsey also made numerous voluntary, unsolicited remarks while in the patrol car. Such remarks, which were not made in response to any form of interrogation, similarly fell outside " 'the strictures of *Miranda*.' "[9]

On appeal, Dorsey asserts that at the beginning of the videotape — before *Miranda* warnings were given — an officer asked him what was "going on," to which he allegedly responded that someone had tried to kill him. According to Dorsey, because the officer's question constituted pre-*Miranda* custodial interrogation, the tape should have been excluded.

As an initial matter, it does not appear that this question and response are on the videotape admitted into evidence, which was redacted by the state prior to trial. Moreover, even if the exchange was improperly admitted, we find no harmful error. Dorsey's alleged response was not inculpatory, and it was consistent with a spontaneous, unsolicited statement he subsequently made in the patrol car, as well as the version of events he related to Officer Eckert after receiving his *Miranda* warnings. Under these circumstances, we find no reasonable probability that this pre-*Miranda* response — even if admitted — contributed to the verdict.[10]

---

[5] *Al-Amin v. State*, 278 Ga. 74, 88 (18) (a) (597 SE2d 332) (2004) (citation and punctuation omitted).

[6] Id. (citation and punctuation omitted).

[7] See id. at 88-89; *Slaughter v. State*, 240 Ga. App. 758, 760 (3) (525 SE2d 130) (1999).

[8] See *Al-Amin*, supra; *Slaughter*, supra.

[9] *Gresham v. State*, 255 Ga. App. 625, 629 (3) (566 SE2d 380) (2002) (citation omitted).

[10] See *Johnson v. State*, 266 Ga. 775, 777-778 (5) (470 SE2d 637) (1996); *Delay v. State*, 258 Ga. 229, 231 (3) (b) (367 SE2d 806) (1988); *Campbell v. State*, 255 Ga. App. 502, 506 (1) (c) (565 SE2d 834) (2002).

2. Finally, Dorsey claims that the trial court erred in permitting the state additional time to finish its closing argument. The record shows that after exhausting its statutorily allotted time for closing,[11] the state requested five additional minutes to conclude its argument. The trial court granted the request over Dorsey's objection.

Dorsey argues that additional time for argument should not be granted absent a pre-argument request for an extension. As determined by the Supreme Court of Georgia, however, a trial court has discretion to grant a short period of additional time for a party to "reach the logical conclusion of [its] closing argument," even without a pre-argument request for more time.[12] We find no abuse of discretion in the trial court's decision to permit a brief extension here.[13]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2007.

*Timmons, Warnes & Anderson, John H. Baker,* for appellant.
*Kenneth W. Mauldin, District Attorney, Brian V. Patterson, Assistant District Attorney,* for appellee.

---

[11] See OCGA § 17-8-73. Even before requesting the extension, the state apparently had exceeded the time limitation. Dorsey, however, made no objection until the trial court raised the issue and the state asked for additional time to conclude its argument.

[12] *Carter v. State,* 263 Ga. 401, 402-403 (3) (435 SE2d 42) (1993).

