## A09A1695. GREEN v. THE STATE.

### (683 SE2d 914)

JOHNSON, Presiding Judge.

A jury found Gerald Green guilty of trafficking in cocaine and possession of drug-related objects. Green filed a motion for new trial, which the court granted as to a misdemeanor offense, but denied on all other grounds relevant to the conviction appealed. Green now appeals to this Court, alleging the evidence was insufficient to support the verdict of guilty of trafficking in cocaine. We find no error and affirm Green's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[1] We do not weigh the evidence or resolve credibility issues, but merely determine whether the jury was authorized to find the defendant guilty beyond a reasonable doubt.[2] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[3]

So viewed, the evidence shows that Columbus Police Officers Dean Spata and Jeremiah Kring were on patrol in separate marked patrol cars when they passed a van stopped in the roadway, straddling the yellow line. Spata, who was in the lead patrol car, turned his vehicle around to approach the van from behind. However, the van drove away at a high rate of speed, and the officer pursued it. After turning onto another street, the van slowed briefly. Green, the front seat passenger, got out of the van in a grassy area near a small green utility box. The van then sped away. Spata radioed Kring, who was close behind him, to stop and detain Green. Spata then proceeded to stop the van.

Meanwhile, Kring saw Green walking westbound in the grass on the street where the van dropped him off. Kring detained Green and took him down the street to where Spata had stopped the van. Kring then walked back to the area where he observed Green walking and recovered three plastic bags, containing approximately 80 grams of crack cocaine, in the grass near the small green utility box. Both officers noted that the bags were dry even though it had been "raining pretty strong" earlier in the evening and "the ground was pretty saturated." The officers testified that based on their training and experience the street value for the cocaine found in the plastic bags was $8,500. A search of the van revealed crack cocaine smoking

---

[1] See *Howard v. State*, 291 Ga. App. 289 (661 SE2d 644) (2008).

[2] *Parnell v. State*, 260 Ga. App. 213, 218 (6) (581 SE2d 263) (2003).

[3] *Howard*, supra.

filter devices inside the center console of the roof where sunglasses are normally kept. A search of the van's driver revealed $896, and a search of Green yielded $397. An officer also located a handwritten receipt showing that the van belonged to Green.

Green argues that the evidence was insufficient to support the jury's verdict of trafficking in cocaine because there was no evidence linking him to the drugs other than his mere presence in the vicinity where the drugs were found. However, possession can be proven by circumstantial evidence as well as direct evidence.[4] To warrant a conviction based on circumstantial evidence, proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.[5]

Here, the evidence supported the jury's conclusion that Green had been in actual possession of the contraband.[6] Unless a verdict is unsupportable as a matter of law, the jury is responsible for determining whether the circumstantial evidence excluded every reasonable hypothesis save Green's guilt.[7] The evidence was sufficient for a rational trier of fact to find Green guilty beyond a reasonable doubt of trafficking in cocaine.[8]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 27, 2009.

*William J. Mason*, for appellant.
*Julia F. Slater, District Attorney, Jennifer E. Dunlap, Assistant District Attorney*, for appellee.

---

[4] See *Heller v. State*, 275 Ga. App. 637, 638 (1) (621 SE2d 591) (2005); *Norton v. State*, 195 Ga. App. 737, 738 (395 SE2d 34) (1990).

[5] OCGA § 24-4-6.

[6] See *Crowder v. State*, 271 Ga. App. 177, 180-181 (2) (609 SE2d 134) (2004).

[7] Id. at 181.

[8] OCGA § 16-13-31; see also *Holloway v. State*, 297 Ga. App. 81, 82 (1) (676 SE2d 445) (2009) (appeal of van driver in this case).