A03A0518. DAVIS v. THE STATE.
(581 SE2d 380)

MIKELL, Judge.

Ivory Lamar Davis appeals his·conviction of cocaine possession. Davis enumerates as error the denial of his motion for a directed verdict of acquittal and the sufficiency of the evidence to support his conviction. We affirm.

On appeal, we view the evidence in the light most favorable to support the verdict, and Davis no longer enjoys a presumption of innocence. Moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1]

> The standard for reviewing a challenge to the sufficiency of the evidence, whether enumerated as error on appeal or made in the form of a motion for directed verdict of acquittal at trial, is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[2]

So viewed, the evidence adduced at trial shows that on May 12, 2001, four members of the narcotics division of the Lowndes County Sheriff's Department, Lieutenant Anthony Brannam, Investigator Lewis Woody, Corporal Frank Swanson, and Investigator Todd Pitchford were on patrol in Valdosta in a large, unmarked van with blacked-out windows. They pulled up next to a bar in a known drug area. Lieutenant Brannam testified that he noticed Davis standing with a woman next to the left rear quarter panel of a vehicle. Davis held a napkin and cup in his right hand, and his left hand was closed

---

[1] *Young v. State*, 242 Ga. App. 681 (1) (530 SE2d 758) (2000).
[2] (Citations omitted.) Id. at 681-682 (1).

as if he were holding an object. When Davis spotted the van, he opened his left hand and began rubbing it against the car. At that point, all of the officers exited the van.

Investigator Pitchford testified that he approached Davis, who began rubbing his hands on a beer can. Pitchford asked Davis what he had in his hand. Davis opened his palm and said "nothing," but Pitchford observed flecks of a white substance which he suspected to be cocaine. Pitchford observed that Davis kept rubbing his hands, but the substance adhered because his hand was wet. Pitchford obtained an NIK cotton swab, which contains a chemical that turns the swab blue when cocaine touches it. Pitchford wiped the swab on Davis's hand, and the cotton turned blue. Pitchford touched another swab to a place on the car where Davis said he had placed his hands, and that swab turned blue as well.

Investigator Woody testified that he obtained more suspected cocaine from the chrome molding next to the bottom of the window where Davis had been rubbing his hand. This substance also tested positive for cocaine. The material was bagged and sent to the state crime lab for analysis.

Gail Payne, a forensic chemist with the Georgia Bureau of Investigation Crime Lab, testified that the substance retrieved from the bag was cocaine and weighed 0.01 gram.

Davis testified that the substance on his hand was dust from the carburetor of a lawn mower, and he denied that the NIK swab turned blue when it was touched to his hand. He claimed the cocaine found by the drug squad came from his female companion.

Davis argues on appeal, as he did in his motion for a directed verdict, that the evidence was wholly circumstantial and that the quantum produced was insufficient to exclude every reasonable hypothesis except his guilt. This allegation is patently meritless. The officers' observations combined with the field testing and lab testing of the substance removed from Davis's car and hand provide ample direct evidence from which the jury could have found beyond a reasonable doubt that Davis possessed cocaine.[3] Finally, we reject Davis's argument that his self-serving testimony that other persons were sitting on the hood of his car mandated his acquittal under an "equal access" theory. "Where there is evidence other than 'equal access' connecting an accused to contraband, it is for the jury to determine guilt or innocence."[4]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[3] See *Griffith v. State*, 234 Ga. App. 326, 328 (1) (b) (506 SE2d 676) (1998) (testimony that witness saw defendant with plastic bag containing cocaine was direct evidence of possession).

[4] (Citations omitted.) *Fears v. State*, 169 Ga. App. 172, 174 (1) (312 SE2d 174) (1983).

DECIDED APRIL 11, 2003.

*Sherwood & Sherwood, Harrison B. Sherwood,* for appellant.

*J. David Miller, District Attorney, J. Bennett Threlkeld, Assistant District Attorney,* for appellee.