A07A0780. SMITH v. THE STATE.
(646 SE2d 499)

MIKELL, Judge.

Following a jury trial, Timothy Andrew Smith was convicted of one count of cocaine possession and was sentenced as a recidivist to thirty years, twenty to serve and ten suspended. On appeal from the denial of his motion for a new trial, Smith contends that his character was improperly placed into evidence and that the evidence was insufficient to support his conviction. We disagree and affirm.

On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and the defendant no longer enjoys a presumption of innocence.[1] We neither weigh the evidence nor resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find the defendant guilty beyond a reasonable doubt.[2] Construed to uphold the verdict, the evidence shows that on February 1, 2006, Officer Bradley Thompson of the Newnan Police Department was called to assist Detective Elaine Jordan with serving two arrest warrants at a residence. As Thompson and Jordan exited their vehicles and approached the residence, Thompson saw five people standing outside the carport. Thompson ordered the men to get on the ground; all of them obeyed except Smith, who threw a small metal object on the ground. Smith was one

---

[1] See *Wilson v. State*, 256 Ga. App. 741 (1) (569 SE2d 640) (2002).
[2] Id. See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

of the subjects of the arrest warrants. According to Thompson, Smith was not standing in the immediate area of any of the other people, nothing obstructed Thompson's view, and no one else could have thrown the object. Thompson saw where the object landed, retrieved it, and turned it over to Jordan. He identified the object at trial as a metal pipe used to smoke crack cocaine.

Jordan testified that she put the crack pipe in an evidence bag, sealed it, and locked it in the trunk of her car. Upon returning to her office, Jordan labeled the evidence bag, filled out a property sheet form, and deposited it into the evidence box. The bag was sealed when it left her custody. Josh Macenczak, a scientist employed by the state crime lab, testified that the metal object tested positive for the presence of cocaine.

1. Smith contends that his conviction cannot stand because others had equal access to the crack pipe and because there was no evidence, other than his mere presence, connecting him with the cocaine found therein. We disagree.

> Mere presence where contraband is found when others have equal access to the substance is insufficient to support a conviction: Where it is affirmatively shown that others had equal access or opportunity to commit the crime, a defendant's mere presence at premises where contraband is discovered, without more, is insufficient to support a conviction.[3]

Where there is other evidence connecting the defendant to the contraband, however, it is for the jury to determine the defendant's guilt or innocence.[4] The evidence in the case at bar shows much more than Smith's mere presence where the contraband was found. Thompson observed Smith in the act of throwing a crack pipe onto the ground. The officer's observations combined with the lab testing of the substance removed from the pipe "provide ample direct evidence from which the jury could have found beyond a reasonable doubt that [Smith] possessed cocaine."[5]

2. Smith further contends that the trial court erred in permitting Jordan to testify, over objection, that she had been on the lookout for Smith on the date in question because she possessed a warrant for his arrest for burglary. The trial court admitted the testimony as part of the res gestae but gave a curative instruction, reminding the jury that the defendant was not on trial for burglary and that the evidence

---

[3] (Citation and punctuation omitted.) *Stringer v. State*, 275 Ga. App. 519, 521 (621 SE2d 761) (2005).

[4] *Wilson*, supra at 742 (1).

[5] (Footnote omitted.) *Davis v. State*, 260 Ga. App. 853, 854 (581 SE2d 380) (2003).

should be considered only to explain why the officer was in the area. Smith asserts that the reference to the possession of an arrest warrant in an unrelated case impermissibly placed his character in evidence and was inadmissible to explain the detective's conduct pursuant to *Momon v. State*.[6] We disagree.

> The reference to the "warrant" was part of the circumstances surrounding [Smith's] arrest. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them. Where evidence may incidentally put character in issue or be prejudicial it may be admitted if otherwise relevant. The warrant, as a circumstance of the arrest, was certainly relevant to the issues on trial as required by *Momon v. State*.[7]

Furthermore, "[u]nless clearly erroneous, we will not disturb a trial court's determination that res gestae is admissible."[8] The trial court's ruling that the testimony was admissible as relevant to the circumstances leading the police to the residence where Smith was found was not clearly erroneous.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 15, 2007.

*Gerald P. Word, Maryellen Simmons, Mark A. Hinds*, for appellant.

*Peter J. Skandalakis, District Attorney, Josh W. Thacker, Assistant District Attorney*, for appellee.

---

[6] 249 Ga. 865, 867 (294 SE2d 482) (1982) (detectives' testimony offered to prove that the deceased was raped and that the defendant committed the rape was hearsay and was inadmissible to explain detectives' conduct, but error in admitting the testimony was harmless).

[7] (Punctuation omitted.) *Peeples v. State*, 234 Ga. App. 454, 457-458 (4) (507 SE2d 197) (1998), citing *Coney v. State*, 198 Ga. App. 272, 273-274 (3) (401 SE2d 304) (1991).

[8] (Citation omitted.) *McCollum v. State*, 258 Ga. App. 574, 578 (2) (574 SE2d 561) (2002).