### A09A0569. TURNER v. THE STATE.
(679 SE2d 127)

DOYLE, Judge.

A Carroll County jury found Billy Wayne Turner guilty of one count of possession of methamphetamine.[1] On appeal, Turner argues that the evidence presented at trial was insufficient to support the guilty verdict. For the following reasons, we affirm.

> On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence.[2]

Viewed in this light, the evidence showed that on December 30, 2005, members of the West Georgia Drug Task Force executed a search warrant at Turner's residence. As the officers approached the home, they saw (through the front windows of the home) individuals scatter from the front part of the residence to the back. Upon entering the home, which opened into the kitchen and dining room area, the officers found Turner sitting at the kitchen table. The officers also discovered three adults and one child in the living room past the kitchen.[3] In the top of a small closet just off the kitchen, the officers found a zippered bag containing many smaller bags of methamphetamine. When the officers arrested Turner, he was carrying $1,681 in multiple denominations, and when questioned by one of the officers, Turner admitted that he was unemployed and often sold methamphetamine, but he currently did not have any

---

[1] OCGA § 16-13-30 (a). Turner was charged with possession of methamphetamine with intent to distribute pursuant to OCGA § 16-13-30 (b), but the jury found him guilty of the lesser included charge of possession.

[2] (Punctuation omitted.) *Wilson v. State*, 256 Ga. App. 741 (1) (569 SE2d 640) (2002).

[3] Along with Turner, two adults apprehended inside Turner's residence were charged with possession of cocaine with intent to distribute, but the trial court entered a directed verdict as to those charges because the State failed to prove the substance at issue was cocaine. Those individuals were not charged with any crimes related to the methamphetamine found at the home. Two other individuals were charged with possession of cocaine for narcotics found outside the home near a truck owned by one of those individuals.

drugs in the residence because he thought that the Task Force was about to raid him.

Turner argues that the evidence was insufficient to support his conviction of possession of methamphetamine because, although the substance was discovered on his property, other individuals had equal access to the drug. Turner contends that because the State's circumstantial evidence of his constructive possession of the methamphetamine does not exclude the reasonable hypothesis that another individual had equal access to the narcotic, his conviction should be reversed. We disagree.

"A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."[4] "[S]patial proximity alone . . . [and m]ere presence, without proof of participation, [are] insufficient to support a conviction."[5]

> A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. However, a mere occupant, as distinguished from a resident, does not necessarily have the requisite control over the premises to authorize the inference that he possesses all property found thereon. If such were the case, a person's mere presence at the scene of the discovery of illegal drugs would authorize his conviction, and that plainly is not the law.[6]

Thus, a rebuttable presumption exists that an individual in possession of the premises (rather than any social guests found on the premises) is also in possession of any contraband found thereon.[7] "Whether this presumption is rebutted is solely a jury question."[8]

"A conviction on circumstantial evidence is supported only if the proved facts exclude every reasonable hypothesis save that of the

---

[4] (Punctuation omitted.) *Wilson*, 256 Ga. App. at 742 (1).

[5] (Citation and punctuation omitted.) *Brown v. State*, 285 Ga. App. 330, 331 (646 SE2d 273) (2007).

[6] (Punctuation omitted.) Id. at 331-332 (quoting *In re E. A. D.*, 271 Ga. App. 531, 532 (610 SE2d 153) (2005)).

[7] See *Whitfield v. State*, 217 Ga. App. 402, 405 (3) (457 SE2d 682) (1995).

[8] Id. See *Wilson*, 256 Ga. App. at 742 (1).

defendant's guilt."[9] "Whether the circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of defendant's guilt is a question for the jury unless the verdict is insupportable as a matter of law."[10]

Here, Turner was not in actual possession of the methamphetamine, and the State, therefore, had to prove that he constructively possessed the drug. In light of the evidence presented, the jury was authorized to find a sufficient connection between Turner and the methamphetamine seized from a closet inside his own home to conclude that he constructively possessed the contraband.[11] Although Turner contends that his testimony at trial showed that other individuals had equal access to the narcotic, the State presented sufficient evidence that Turner resided at the property in question, and the jury could, therefore, presume that he had greater access and control over a space such as the closet in which the methamphetamine was located than the access or control a mere occupant would have had over the space.[12] Moreover, it was up to the jury to determine whether the presumption was overcome by Turner's testimony that other individuals were living at the house shortly before the raid and that the methamphetamine belonged to those individuals.[13] At the time of his arrest, Turner admitted to police that he previously sold methamphetamine, and the officers discovered a large amount of currency on his person. Additionally, scales and syringes were found throughout the property, and the individuals who Turner claimed lived in his home and possessed the methamphetamine were not discovered at the property.

Based on the foregoing, we cannot say that the jury's verdict is insupportable as a matter of law; therefore, Turner's challenge to the sufficiency of the evidence lacks merit.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[9] (Punctuation omitted.) *Crowder v. State*, 271 Ga. App. 177, 179-180 (1) (609 SE2d 134) (2004).

[10] (Punctuation omitted.) *Wilson*, 256 Ga. App. at 742 (1).

[11] Compare with *Mitchell v. State*, 150 Ga. App. 44, 46 (2) (256 SE2d 652) (1979) (reversing a conviction for possession of narcotics found at a home — and not on the persons of the appellants — because no testimony was presented "that either appellant owned, leased[,] or resided in the premises").

[12] See *Castillo v. State*, 288 Ga. App. 828, 830 (655 SE2d 695) (2007). Compare with *Brown*, 285 Ga. App. at 331-333.

[13] See *Castillo*, 288 Ga. App. at 830. Compare with *Crowder*, 271 Ga. App. at 180-181 (2) (holding that circumstantial evidence demonstrated that, inter alia, officers discovered marijuana and cocaine in a gas station restroom shortly after the defendant exited was sufficient for the jury to find that the evidence presented excluded the hypothesis that another individual had left the narcotics in a gas station restroom).

Decided May 22, 2009.

*Jimmonique R. Rodgers*, for appellant.
*Peter J. Skandalakis, District Attorney, Vincent J. Faucette, Assistant District Attorney*, for appellee.