## S09A1215. LACKEY v. THE STATE.
(686 SE2d 112)

HUNSTEIN, Chief Justice.

Steven Bernard Lackey was convicted of malice murder and other crimes arising out of the shooting death of Larry Richardson. He appeals from the denial of his motion for new trial, challenging only the sufficiency of the evidence to support his convictions.[1] For the reasons that follow we reverse Lackey's conviction for misdemeanor obstruction of an officer and affirm his convictions for murder and the remaining crimes.

The evidence adduced at trial authorized the jury to find that appellant's five-year-old son, Amir, had been living with his mother, Christina Parker, and the victim, Larry Richardson, when, on the day of the crimes, Amir told his grandmother that the victim had "jumped on" him and Parker. The grandmother brought Amir to appellant's home and, when he arrived at approximately 2:30 p.m., related to appellant her conversation with Amir. Around 5:15 p.m., Parker and the victim arrived at the home. The victim remained in the car as Parker went to get Amir. Appellant spoke with Parker in the home about Amir's accusations, which Parker denied. Appellant armed himself with a 9 mm handgun, hid the weapon behind his back, walked outside to the car and told the victim to get out of the

---

[1] The crimes occurred on February 27, 2007. Lackey was indicted May 4, 2007 in Newton County on charges of malice murder; two counts of felony murder; two counts of aggravated assault; five counts of possession of a firearm during the commission of a felony; possession of cocaine with intent to distribute; tampering with evidence; misdemeanor possession of marijuana; and misdemeanor obstruction of an officer. The jury convicted him on October 25, 2007 of all the charges except for the evidence tampering charge and the cocaine distribution charge, regarding which they found him guilty of the lesser included offense of possession of cocaine. He was sentenced November 6, 2007 to life imprisonment for malice murder and consecutive sentences of fifteen years for possession of cocaine, five years for possession of firearm during the commission of a felony, and twelve months each for misdemeanor possession of marijuana and misdemeanor obstruction of a police officer. Lackey's motion for new trial, filed November 6, 2007 and amended February 1, 2008, was denied April 16, 2008. A notice of appeal was filed April 23, 2008. The appeal was docketed April 13, 2009 and was submitted for decision on the briefs.

car. When the victim refused, appellant reached inside the car and shot the victim fatally in the neck. Expert testimony authorized the jury to find that appellant's gun was pressed against the victim's neck when fired. Appellant then ordered Parker to take them to the hospital; as Parker drove, appellant put pressure on the victim's gunshot wound in an attempt to stem the flow of blood. Upon their arrival at the hospital, appellant left on foot. The authorities were contacted and City of Covington Police Officer Stanley Moore, who was patrolling in his marked police vehicle, responded to a call from another officer who had seen a man matching appellant's description running from the area. Moore spotted appellant and, approaching from behind, caught up with appellant in a parking lot. Moore testified that, after exiting his vehicle approximately 25 feet from appellant, he ordered appellant to stop. He affirmed that appellant "stop[ped] immediately upon seeing" the officer's vehicle in the parking lot and that "[w]hen [Moore] told [appellant] to stop, he stopped."

Appellant subsequently gave a statement to police officers in which he explained that he went outside to tell the victim not to put his hands on Parker and claimed the shooting was an accident in that he got the gun "just to scare" the much-larger victim[2] and was "just trying to bully" him when the gun "just went off," but claimed he was four feet away from the vehicle when the gun discharged. Appellant also stated that, once Parker, the victim and he arrived at the hospital, he fled because he was "scared," made two phone calls to family members in regard to his son, and "was fixing to start back walking and that's when the Covington Police saw me and chased me across the street."

The evidence also established that police officers went to appellant's home and found a back door ajar. Based on search warrants and appellant's written consent, the police searched the home and uncovered crack cocaine, marijuana and drug paraphernalia on a table next to a couch in the living room. Appellant gave a statement in which he admitted smoking marijuana. He also told police that the woman with whom he was living in the home had moved out, but "still has furniture and stuff" in the house.

1. Appellant contends the evidence was insufficient to support his conviction for malice murder. Although appellant relies upon his statement to police that the shooting was an accident, the jury also heard testimony that appellant was angry with the victim over his son's allegations of being "jumped on" by the victim and that there was a contact wound on the victim's neck, indicating that the muzzle

---

[2] The victim was 6'5" and 190 pounds; appellant is 5'5" and 130 pounds.

was in contact with the victim's skin when the gun was fired. "Criminal intent is a question for the jury and may be inferred from conduct before, during and after the commission of the crime. [Cits.]" *Ward v. State*, 271 Ga. 648, 649 (1) (520 SE2d 205) (1999). The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the evidence was sufficient under *Jackson v. Virginia* to support appellant's conviction for possession of a firearm during the commission of a felony.[3]

2. Appellant contends that because the State's circumstantial evidence of his constructive possession of the marijuana and cocaine in his home did not exclude the reasonable hypothesis that other individuals, who could have entered the home through the slightly-ajar back door, had equal access to it, his drug convictions should be reversed. We disagree. The State proved that appellant lived at the home, thereby giving rise to the rebuttable presumption that appellant, as the individual in possession of the premises, was also in possession of the contraband found therein. See *Turner v. State*, 298 Ga. App. 107 (679 SE2d 127) (2009). It was for the jury to decide whether this presumption was rebutted, see id., and, based on the evidence adduced, we cannot say that the jury's verdict is insupportable as a matter of law.

3. We agree with appellant that the evidence was insufficient to support his misdemeanor conviction of obstruction of an officer. "[A] person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." OCGA § 16-10-24 (a). Appellant was charged with "knowingly and wilfully obstruct[ing] and hinder[ing] Stanley Moore, a law enforcement officer, in the lawful discharge of his official duties, by running from said officer as he attempted to take [appellant] into custody." While the evidence establishes that Officer Moore saw appellant running and followed him in a marked patrol car, the officer's own testimony established that appellant stopped immediately upon seeing the officer's vehicle and that he immediately complied with the officer's order to stop. Therefore, because the evidence fails to establish beyond a reasonable doubt that appellant committed the misdemeanor offense of obstruction of an officer, that conviction must be reversed.

---

[3] Because the evidence was sufficient to support the malice murder conviction, we do not address appellant's arguments regarding the evidence supporting his convictions for felony murder and aggravated assault. See generally *Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 9, 2009.

*Teresa L. Smith*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Melanie M. Bell, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.