### A09A1823. WHITE v. THE STATE.
(689 SE2d 120)

PHIPPS, Judge.

A jury found Leneto Marvel White guilty of an armed robbery at a restaurant. On appeal, White argues that the trial court erred in denying his objection to the state's use of peremptory strikes against two African-American prospective jurors. We find no reversible error and affirm.

White asserts that the state exercised its peremptory strikes in a racially discriminatory manner prohibited under *Batson v. Kentucky*.[1]

> The evaluation of a *Batson* challenge involves a three-step process: (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent.[2]

The findings of the trial court are entitled to great deference, and should not be disturbed unless clearly erroneous.[3]

The court found that White demonstrated a prima facie showing of racial discrimination based on the state's exercise of peremptory strikes against three of five African-American prospective jurors. Concerning the two strikes at issue in this appeal,[4] the state asserted that it struck one of the prospective jurors because he was close in age to White and likely to sympathize with him; because he had failed to report to the police a crime of which he had been a victim, potentially indicating a mistrust of law enforcement; and because his father had been wrongfully accused of rape and imprisoned pre-trial for a period of time before being released. The state asserted that it struck the other prospective juror because he had a brother with substance abuse problems who was incarcerated for first degree

---

[1] 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[2] *Flanders v. State*, 279 Ga. 35, 37 (2) (609 SE2d 346) (2005) (citation omitted).

[3] *Jackson v. State*, 265 Ga. 897, 900 (2) (463 SE2d 699) (1995).

[4] The court held that the state failed to provide a race-neutral explanation for the third strike and returned that prospective juror to the panel.

arson; because he became emotional and cried while discussing his brother during voir dire; and because, while discussing his prior employment as a correctional officer, he mentioned being dissatisfied with the general state of affairs in the correctional facility. The court found these proffered explanations to be race-neutral and held that White failed to show that the state had acted with discriminatory intent in exercising the strikes.

The court's findings were not clearly erroneous. "The [s]tate's tendered reasons were 'based on something other than the race of the juror' and, thus, were facially race-neutral."[5] Contrary to White's assertion, these reasons satisfied the second step of the *Batson* analysis.[6] And White failed to show that the proffered reasons for the strikes were pretext behind which existed a discriminatory intent on the part of the prosecutor.[7] Although he contends that the state's proffered reasons did not demonstrate a lack of discriminatory intent, White bore the ultimate burden of persuasion regarding the racial motivation addressed in the third step of the *Batson* analysis.[8] White has not pointed to anything in the record that would show that the proffered reasons were not valid, and the record supports the state's explanations for the strikes; thus, the court did not clearly err in finding that, under the totality of the circumstances, the state lacked a discriminatory intent in exercising the peremptory strikes.[9]

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED JANUARY 5, 2010.

*Wystan B. Getz*, for appellant.

---

[5] *Arrington v. State*, 286 Ga. 335, 339 (9) (687 SE2d 438) (2009) (quoting *Hernandez v. New York*, 500 U. S. 352, 360 (II) (B) (111 SC 1859, 114 LE2d 395) (1991) (plurality opinion)); see *Jackson*, supra at 898 (unless discriminatory intent is inherent in proponent's explanation, reason offered will be deemed race-neutral).

[6] See *Flanders*, supra (fact that prospective juror had family members with prior convictions was proper basis for use of peremptory strike); *Alford v. State*, 224 Ga. App. 451, 458 (6) (480 SE2d 893) (1997) (concern that prospective juror could not be impartial in considering charges due to prior negative experiences with law enforcement was proper basis for use of peremptory strike); *Ledford v. State*, 207 Ga. App. 705, 706-707 (1) (429 SE2d 124) (1993) (proximity in age between prospective jurors' children and defendant was proper basis for use of peremptory strikes). See generally *Chunn v. State*, 210 Ga. App. 209, 210-211 (2) (435 SE2d 728) (1993) (reasonable suspicion about prospective juror's impartiality, insufficient to justify excusal for cause, nevertheless may justify exercise of peremptory strike).

[7] See *Woolfolk v. State*, 282 Ga. 139, 142 (3) (644 SE2d 828) (2007) (trial court could determine that improper discriminatory motive underlay exercise of peremptory strike when race-neutral explanation proffered by strike's proponent was so implausible or fantastic that it rendered explanation pretextual).

[8] *Rakestrau v. State*, 278 Ga. 872, 874 (3) (608 SE2d 216) (2005).

[9] See *Arrington*, supra.

*Daniel J. Porter, District Attorney, Carole Cox, Assistant District Attorney*, for appellee.