## A11A0496. BRYANT v. THE STATE.

(710 SE2d 854)

BARNES, Presiding Judge.

A jury convicted Allen Drew Bryant of aggravated assault, criminal damage to property in the second degree, and battery. On appeal from the denial of his motion for a new trial, Bryant attacks the sufficiency of the evidence and contends that the trial court erred in denying his challenge to the State's use of its peremptory strikes against prospective African-American jurors. For the reasons set forth below, we affirm.

1. Bryant maintains that there was insufficient evidence to convict him of the charged offenses. We disagree.

When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. *Braham v. State*, 260 Ga. App. 533 (580 SE2d 256) (2003). We do not weigh the evidence or assess witness credibility, but only determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Walker v. State*, 282 Ga. 406 (651 SE2d 12) (2007).

Viewed in the light most favorable to the verdict, the evidence showed that at the time of the incident, the victim and Bryant's ex-wife had been dating for several months. On the night in question, the victim and Bryant got into a heated verbal argument at the front door of the ex-wife's home. The victim stopped arguing and walked back to his car to go home, but Bryant followed him. After the victim got inside his car, Bryant punched him in the face through the open window. Bryant then drew a handgun from the back of his pants and fired at the victim. The bullet missed the victim, but hit the door frame of his car, causing $573 in damage. The victim sped away and called the police.

The responding officers observed that the victim had injuries to his face where he said he had been punched, and they recovered a spent shell casing from the roadway outside of the ex-wife's home where the victim said the shooting had occurred. While Bryant initially denied any involvement or knowledge of a shooting, he later claimed that he shot the victim in self-defense and directed the officers to the handgun he had fired. Ballistics testing matched the shell casing from the roadway to Bryant's handgun.

Bryant was arrested, indicted, and tried before a jury on charges of aggravated assault, criminal damage to property in the second degree, and battery.[1] At trial, the victim, the responding officers, and

---

[1] Bryant also was indicted for possession of a firearm by a convicted felon, but that count

the State's ballistics expert testified to the events discussed above. After hearing all of the evidence, the jury convicted Bryant.

The testimony of the victim and other State witnesses was sufficient to authorize a rational jury to find Bryant guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It was the role of the jury, not this court, to resolve conflicts in the evidence, assess witness credibility, and decide whether to believe the victim's or Bryant's version of events. See *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000); *Odim v. State*, 228 Ga. App. 158, 159 (1) (491 SE2d 218) (1997).

2. Bryant argues that the trial court erred in rejecting his claim that the State exercised its peremptory strikes in a racially discriminatory manner under the test established in *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) and its progeny. Again, we disagree.

> The evaluation of a *Batson* challenge involves a three-step process: (1) the opponent of a peremptory challenge must make a prima facie showing of racial discrimination; (2) the proponent of the strike must then provide a race-neutral explanation for the strike; and (3) the court must decide whether the opponent of the strike has proven discriminatory intent. The findings of the trial court are entitled to great deference, and should not be disturbed unless clearly erroneous.

(Footnotes omitted.) *White v. State*, 301 Ga. App. 837 (689 SE2d 120) (2010).

Following voir dire, Bryant asserted that the State had exercised its peremptory strikes in a racially discriminatory manner by striking five of the six prospective African-American jurors while not striking similarly situated prospective white jurors.[2] The prosecutor responded that one of the prospective black jurors was struck because she was evasive when questioned on voir dire and "did not seem to want to talk to either of us"; that three prospective black jurors were struck because they had prior bad experiences with law enforcement; and that the final prospective black juror was struck out of concern that her work as a dietician for a drug rehabilitation program and for other treatment centers might make her more

---

was nolle prossed.

[2] Voir dire was not recorded, but Bryant's *Batson* challenge was argued by the parties and ruled upon by the trial court on the record. Furthermore, pursuant to OCGA § 5-6-41 (f), the record was supplemented with additional information on the dismissed jurors before this appeal.

sympathetic to criminal defendants than the average juror. The trial court found the State's proffered explanations to be race-neutral and concluded that Bryant had failed to show that the State had acted with discriminatory intent in exercising its strikes.

Because the trial court did not rule concerning whether Bryant had established a prima facie case of racial discrimination, but proceeded directly to an evaluation of the State's explanations for its peremptory strikes, the threshold question of prima facie showing has been rendered moot. See *Younger v. State*, 288 Ga. 195, 198 (2) (702 SE2d 183) (2010). And the trial court's finding that the State's explanations for its strikes were race-neutral and satisfied the second step of the *Batson* analysis was not clearly erroneous. See, e.g., *Flanders v. State*, 279 Ga. 35, 37-38 (2) (609 SE2d 346) (2005) (prospective juror's employment as social worker was race-neutral basis for strike); *Trice v. State*, 266 Ga. 102, 103 (2) (464 SE2d 205) (1995) (prospective juror's lack of responsiveness during voir dire was race-neutral basis for strike); *Lingo v. State*, 263 Ga. 664, 666 (1) (b) (5) (437 SE2d 463) (1993) (use of strike was race-neutral where "prosecutor had difficulty in getting the juror to respond or pay attention to his questions"); *Alford v. State*, 224 Ga. App. 451, 458 (6) (480 SE2d 893) (1997) (prospective juror's prior negative involvement with law enforcement was race-neutral basis for strike).

In the third step of the *Batson* analysis, the trial court was charged with determining whether Bryant, under the totality of the circumstances, had shown that the State was motivated by discriminatory intent. See *McKenzie v. State*, 294 Ga. App. 376, 381 (4) (670 SE2d 158) (2008). Contending that the State's explanations for its strikes were pretextual and were calculated to mask an underlying racially discriminatory intent, Bryant claims that there were similarly situated prospective white jurors who were not struck by the State.[3] The record belies Bryant's claims. While there were two prospective white jurors whose family members previously had been arrested, there is nothing in the record to suggest that those two jurors viewed law enforcement in a negative light, in contrast to the prospective black jurors struck on that ground. Indeed, the record

---

[3] Bryant also contends that the prospective black juror struck by the State for being evasive was simply nervous because she was the first juror questioned. But the trial court, unlike an appellate court, was in a position to observe the demeanor of the prospective juror and her interaction with the prosecutor during voir dire. Consequently, we must defer to the trial court's factual findings in favor of the State predicated on that court's direct observations of the juror. See *White*, 301 Ga. App. at 837 (trial court's factual findings in the context of a *Batson* challenge must be given "great deference" and should be disregarded only if clearly erroneous); *McKenzie v. State*, 227 Ga. App. 778, 780 (1) (490 SE2d 522) (1997) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.") (citation and punctuation omitted).

shows that another prospective white juror who did have a prior negative experience with the police was struck by the State. Accordingly, Bryant

> has not pointed to anything in the record that would show that the proffered reasons were not valid, and the record supports the [S]tate's explanations for the strikes; thus, the [trial] court did not clearly err in finding that, under the totality of the circumstances, the [S]tate lacked a discriminatory intent in exercising the peremptory strikes.

(Footnote omitted.) *White*, 301 Ga. App. at 838. See also *McKenzie*, 294 Ga. App. at 381 (4).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED MAY 23, 2011.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Anna G. Cross, Assistant District Attorney*, for appellee.