**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 7, 2012**

# In the Court of Appeals of Georgia

A12A0104. GILLIS v. THE STATE.

BARNES, Presiding Judge.

An Emmanuel County jury convicted Ricardo Gillis of theft by receiving stolen property, and the trial court denied his motion for new trial. On appeal, Gillis contends that the verdict was contrary to the weight of the evidence. We disagree and affirm.

By contending that the verdict was contrary to the weight of the evidence, Gillis, in effect, challenges the sufficiency of the evidence. *Cook v. State*, 238 Ga. App. 341, 342 (1) (518 SE2d 749) (1999).

> When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant is no longer presumed innocent. We do not weigh the evidence or assess witness credibility,

but only determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Bryant v. State*, 309 Ga. App. 649 (1) (710 SE2d 854) (2011).

Viewed in the light most favorable to the verdict, the evidence showed that Bellamy Motorsports, Inc. sold a new four-wheeler for $3,466.93 to Harry Dunlap, who represented himself to be an agent of the Metter-Candler County Airport Authority (the "Airport Authority"). Dunlap paid for the four-wheeler using a check purportedly drawn on the bank account of the Airport Authority, and he forged his name on the check as "Joseph Taylor." Upon receiving the check, Bellamy relinquished the four-wheeler to Dunlap and provided him with an invoice indicating that the vehicle had been sold to the Airport Authority. However, when Bellamy deposited the check, the bank refused to honor it because the bank account on which it had been drawn no longer existed, and Bellamy was never properly compensated for the four-wheeler.

One or two hours after acquiring the four-wheeler with the forged check, Dunlap met Gillis behind a motel located in Emanuel County. Dunlap, who did not know Gillis, had arranged through a third party to meet him at that location. Dunlap

2

sold the four-wheeler to Gillis in return for "four or five hundred dollars cash and four or five hundred dollars worth of drugs." Once Gillis had paid for the four-wheeler, Dunlap wrote out a receipt to Gillis using his real name. Dunlap also provided Gillis with the paperwork he had obtained from Bellamy, including the invoice reflecting that Bellamy had sold the four-wheeler to the Airport Authority that same day for $3,466.93. After purchasing the four-wheeler, Gillis sold it to someone living out-of-state.

Following a police investigation, Dunlap was arrested and successfully prosecuted for forging the check used as part of his scheme to steal the four-wheeler from Bellamy. As a result of the same investigation, Gillis was arrested and charged with theft by receiving stolen property.

A jury trial ensued on the charge brought against Gillis. The co-owner of Bellamy testified about the circumstances of the original sale of the four-wheeler to Dunlap and about how the check used to pay for the vehicle had bounced when Bellamy sought to deposit it. Additionally, Dunlap testified on behalf of the State, admitting that he had forged his name as "Joseph Taylor" on the check given to Bellamy; that he had falsely represented himself to be an Airport Authority representative when he acquired the four-wheeler; and that he had acquired the four-

3

wheeler from Bellamy using a check from an Airport Authority checkbook that he had fraudulently obtained. He further testified about the circumstances of his sale of the four-wheeler to Gillis.

Gillis did not testify at the trial. However, he presented several witnesses who testified about how they had similarly purchased stolen items from Dunlap but had been unaware that the items were stolen. Gillis's theory of the case was that Dunlap was an effective con man whose modus operandi was to persuade innocent buyers to unknowingly purchase stolen items by presenting the buyers with what appeared to be proper paperwork for the sale.

After hearing all of the testimony, the jury found Gillis guilty of theft by receiving stolen property. The trial court denied his motion for new trial. A motion for out-of-time appeal subsequently was filed and granted, resulting in the instant appeal.

In challenging the sufficiency of the evidence, Gillis does not contest that he purchased the four-wheeler from Dunlap or that it had in fact been stolen from Bellamy through the use of forged check. Rather, Gillis maintains only that there was insufficient evidence that he knew or should have known that the four-wheeler had been stolen. We are unpersuaded.

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a).

> Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods, and this knowledge on the part of the accused must be proved; but it may be inferred from circumstances, where the circumstances would excite suspicion in the minds of ordinarily prudent persons. Because of its very nature, this crime is one that is usually proved in whole or in part by circumstantial evidence.

(Footnotes and punctuation omitted.) *Brown v. State*, 265 Ga. App. 613, 614 (1) (594 SE2d 770) (2004). See *Allison v. State*, 299 Ga. App. 542, 545 (2) (683 SE2d 104) (2009) ("While scienter is an essential element of the crime of theft by receiving stolen property, it may be proved by circumstantial evidence or inferred from circumstances which would excite the suspicions of an ordinarily prudent man.") (footnote and punctuation omitted.)

Here, there was sufficient circumstantial evidence from which the jury could have inferred that Gillis had the requisite guilty knowledge. Specifically, there was evidence that Gillis bought the four-wheeler in the rear of a motel parking lot and

5

paid in part in drugs. Moreover, there was evidence that the four-wheeler was new when it was stolen and that Gillis was aware of the vehicle's fair market value based on the paperwork he received from Dunlap, yet paid for the vehicle at a price grossly less than its real value. There also was evidence that Dunlap provided Gillis with paperwork indicating that the vehicle in fact was owned by a third party that had purchased it earlier that same day.

We conclude that this combined evidence was sufficient to enable a rational jury to find beyond a reasonable doubt that Gillis had the requisite knowledge that the four-wheeler had been stolen, and thus to convict him of theft by receiving stolen property. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See, e. g., *Brown*, 265 Ga. App. at 614-615 (1) & n. 6 (guilty knowledge could be inferred from evidence that defendant bought property at grossly less than its real value, combined with evidence that the property was new when stolen and that the defendant knew the real value of the property when he accepted it); *Williams v. State*, 246 Ga. App. 347, 351 (1) (540 SE2d 305) (2000) ("Knowledge that goods are stolen may . . . be deduced by the jury from the defendant's conduct and behavior[.]"); *Barfield v. State*, 149 Ga. App. 166, 167 (3) (253 SE2d 781) (1979) (evidence that property was marked with name of third party authorized jury to find that defendant had notice

6

that the property was of "questionable origin" and belonged to someone else). Furthermore, the jury was entitled to reject the defense theory of the case that Gillis was an innocent buyer who had been duped by Dunlap into believing that the purchase transaction was legitimate. See *Lackey v. State*, 286 Ga. 163, 165 (1) (686 SE2d 112) (2009) (whether defendant acted with scienter is normally question for the jury). Accordingly, Gillis's challenge to the sufficiency of the evidence is without merit.

*Judgment affirmed. Adams, and McFadden, JJ., concur.*